UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HOTFLAME GAS COMPANY,

       Plaintiff,

                                  File No.  2:06-CV-145

v.

                                  HON. ROBERT HOLMES BELL

LOCAL 328 TEAMSTERS,

       Defendant.

_____/

## O P I N I O N

This matter is before the Court on cross-motions for summary judgment as to the enforceability of an arbitration award.  Plaintiff, Hotflame Gas Company ("Hotflame"), filed this action against Defendant, Teamsters Local 328 ("Local 328"), seeking to vacate an arbitration award.  The arbitration involved Hotflame's termination of Ron Ihander.  The Arbitrator, Levi T. Gardner, determined that Hotflame had wrongfully terminated Mr. Ihander and that he should be reinstated without back pay.  For the reasons that follow, the Court finds the arbitration award enforceable.

### I.

Hotflame is a propane distribution company, servicing Michigan's upper peninsula and northeast Wisconsin.  Local 328 represents Hotflame's non-clerical employees.  Mr. Ihander was a driver for Hotflame and was represented by Local 328.

On May 21, 2004, while on vacation and driving his personal vehicle, Mr. Ihander was arrested and charged with driving under the influence of alcohol. Upon learning of the arrest, Hotflame relieved Mr. Ihander of his driving duties and reassigned him to general housekeeping and maintenance work.

On September 13, 2004, Mr. Ihander pleaded guilty to the lesser offense of reckless driving. Mr. Ihander was placed on probation, assessed a fine, and required to attend an alcohol highway safety course. In addition, six points were added to Mr. Ihander's driving record and his license was restricted. Mr. Ihander's license was suspended from October 10, 2004, until January 7, 2005. Based on the suspension of Mr. Ihander's driving privileges, Hotflame suspended him for ten days without pay. Hotflame conditioned his reinstatement on him signing a last chance statement and passing a drug and alcohol test. On January 7, 2005, after Mr. Ihander's license was reinstated, Hotflame assigned him work as a driver.

At the end of 2004, Hotflame's insurance carrier, Employer's Mutual Casualty Company advised Hotflame that it would not renew its insurance policy. Hotflame subsequently experienced difficulty in finding an insurer who would write an automobile liability policy for a stand-alone propane company. Initially, Hotflame's insurance broker only obtained offers that would have increased Hotflame's premium from approximately $25,000 to $250,000. (Admin. R. 142-44.) Hotflame then sought the assistance of a new insurance broker. The new broker obtained an offer from National Indemnity Company to provide Hotflame automobile liability coverage for approximately $62,000 per year. (Admin.

R. 146-47.)  National Indemnity's offer to write an automobile liability policy was subject to three conditions: (i) the policy must cover Hotflame's entire fleet, (ii) the policy would not cover Mr. Ihander, and (iii) the policy would not cover any employee with more than four points on his driving record.  Hotflame's only other option for automobile liability insurance was the Michigan Assigned Risk Pool.  Coverage through the Michigan Assigned Risk Pool was approximately $20,000 more than National Indemnity's coverage, would not tie into Hotflame's excess insurance coverage, and did not cover hired or non-owned vehicles. Hotflame selected the policy offered by National Indemnity.   Hotflame terminated Mr. Ihander on February 28, 2005, based on an inability to insure him as a driver.

Local 328 grieved Mr. Ihander's termination, alleging that the termination violated the CBA.  The parties failed to resolve the grievance, so the matter was referred to arbitration. An arbitration hearing was held on November 22, 2005.  On February 10, 2006, the Arbitrator issued a decision finding that "no basis for termination existed" and ordering that Mr. Ihander be reinstated without back pay. (Arb. Decision, Admin. R. 1-2.) Hotflame then commenced this action, seeking to have the arbitration award vacated.

## II.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need

3

for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendant carries its burden of showing there is an absence of evidence to support a claim, then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

The standards upon which the Court evaluates a motion for summary judgment do not change simply because the parties present cross-motions. *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 593 (6th Cir. 2001). "'The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts.'" *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991) (quoting *Mingus Constructors Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

In reviewing an arbitration award, the Court must determine if there was a procedural aberration. *Mich. Family Res. Inc. v. Serv. Employees Int'l Union, Local 517M*, 475 F.3d 746, 753 (6th Cir. 2007) (en banc). The Court must consider the following to determine if there was a procedural aberration:

> Did the arbitrator act "outside his authority" by resolving a dispute not committed to arbitration? Did the arbitrator commit fraud, have a conflict of interest or otherwise act dishonestly in issuing the award? And in resolving any legal or factual disputes in the case, was the arbitrator "arguably construing or applying the contract"? So long as the arbitrator does not offend any of these requirements, the request for judicial intervention should be

4

resisted even though the arbitrator made "serious," "improvident" or "silly" errors in resolving the merits of the dispute.

*Id.*

### III.

Hotflame has not contended that the Arbitrator's award was infected by fraud, conflict of interest or dishonesty.  Hotflame also does not dispute that Mr. Ihander's termination was properly before the Arbitrator.  Under *Michigan Family Resources*, the only remaining question for the Court is whether the outcome of the Arbitrator's award was arguably based upon an interpretation of the CBA.

Local 328 contends that the Arbitrator was arguably construing the CBA.  In support of this, Local 328 offers the following construction of the CBA.

> While Artilce IV of the CBA gives Hotflame a management right to discharge employees, Article IX of the CBA places restrictions upon Hotflame's power to discharge employees.  Article IX divides "behavior which is considered inappropriate" into two groups.  While Hotflame can discharge employees for a first offense of Group I violations, it must follow progressive discipline, if an employee instead committed a Group II violation.  Article IX therefore arguably imposes two limitations on Hotflame's authority to discharge employees:  First, the employees' conduct must be behavior which is considered inappropriate.  Second, Hotflame can discharge an employee for a first offense, only if the conduct constitutes a [G]roup I violation. . . . [W]hile Hotflame under Article IV of the CBA has the right to make the initial decision to discharge employees, an arbitrator has authority under Articles IX and X of the CBA to review Hotflame's initial discharge decision.  The scope of the arbitrator's review includes consideration of whether the employee's conduct was inappropriate, as well as whether the employee's conduct could constitute a Group I, summary discharge offense.

(Def.'s Supplemental Br., Docket #35, at 4-5 (internal citations omitted).)  The Arbitrator's

decision, comprised of a mere eight lines, stated:

> Mr. Ihander appears to have been a model employee for 17 years, after [*sic*]
> the May 17, 2004 incident.  Mr. Ihander received a suspension, completed it
> and was performing his duties at work satisfactorily.  We find that by returning
> Mr. Ihander to work and then firing him for events not related to his post-
> reinstatement conduct the company is in error.  The problems of insurability
> we find were foreseeable.  Once the company reinstated Mr. Ihander, no basis
> for termination existed.

> We, therefore, order Ihander reinstated. All claims for back pay denied.

(Arb. Decision, Admin. R. 2.)

The Court's review of the Arbitrator's decision is constrained by the standard set-forth

in *Michigan Family Resources*, which limits the Court to inquiring whether the Arbitrator

was "'arguably construing or applying the contract'?"  *Mich. Family Res.* 475 F.3d at 753

(quoting *United Paperworkers Int'l Union v. Misco Inc.*, 484 U.S. 29, 38 (1987)).  This

inquiry requires the Court to consider whether the Arbitrator's decision was "'so untethered

to' the terms of the agreement . . . that it would cast doubt on whether the arbitrator indeed

was engaged in interpretation." *Id.* (quoting *Major League Baseball Players Ass'n v. Garvey*,

532 U.S. 504, 512 (2001) (Stevens, J., dissenting)) (internal citation omitted).  Therefore,

when an arbitration award is ambiguous as to whether an arbitrator considered the CBA, the

Court should find that the arbitrator's award is based on an interpretation of the CBA, so long

as it would be legally plausible to argue that the award's outcome is based on an

interpretation of the CBA.  *See Mich. Family Res.*, 475 F.3d at 753 ("For in most cases, it

6

will suffice to enforce the award that the arbitrator appeared to be engaged in interpretation, and if there is doubt we will presume that the arbitrator was doing just that."); *Solvay Pharms. Inc. v. Duramed Pharms. Inc.*, 442 F.3d 471, 476 (6th Cir. 2006) ("'[I]f a court can find any line of argument that is legally plausible and supports the award then it must be confirmed.'" (quoting *Merrill Lynch, Pierce, Fenner & Smith v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995))).

The Court must first consider whether the Arbitrator's decision is consistent with the construction of the CBA offered by Local 328.  Article IV of the CBA does not explicitly permit Hotflame to discharge employees without cause, though it does grant Hotflame the exclusive right to discharge employees in a manner not in conflict with the CBA.  Article IX of the CBA sets-forth the procedure for disciplining and discharging employees.  Article IX includes two lists of conduct: conduct on the first list is subject to discipline up to immediate discharge and conduct on the second list is subject to progressive discipline.  Neither list contains any reference to an employee's driving record or insurability.  Sections 1 and 2 of Article IX do, however, indicate that the lists are not all-inclusive.  (CBA, art. IX, § 1 ("This list is not all inclusive and therefore, there are other types of actions which could result in disciplinary action up to and including immediate discharge[.]");  CBA, art. IX, § 2 ("This list is not all-inclusive and, therefore, there are other types of actions which could result in disciplinary action up to and including immediate discharge[.]").)  As set-forth in the construction of the CBA offered by Local 328, the Arbitrator could have "arguably

7

construed" Article IX to impose general limitations on the authority of Hotflame's management to discharge employees. Additionally, the Arbitrator could have concluded that issues related to an employee's driving record or insurability were governed by Section 2, which would have permitted progressive discipline, not immediate discharge. Therefore, the Court cannot conclude that the Arbitrator's decision was "so untethered to the terms of the agreement" to cast doubt on whether the Arbitrator was engaged in interpretation.

Next, the Court must consider the brevity of the Arbitrator's decision. Hotflame argues based on a Fourth Circuit case that the Arbitrator's failure to discuss key provisions of the CBA is sufficient for the Court to conclude that the Arbitrator was not arguably construing the CBA. *Clinchfield Coal Co. v. District 28, United Mine Workers & Local Union # 1452*, 720 F.2d 1365, 1369 (4th Cir. 1983). The law in the Sixth Circuit is clear, "arbitrators have no obligation to issue a written decision to justify their awards . . . ." *Mich. Family Res.*, 475 F.3d at 755. As the Arbitrator was not obligated to provide a written decision, the failure to cite particular provisions of the CBA cannot be a basis for invalidating the arbitration award.

Finally, the Court must consider Hotflame's argument that the arbitration award imposes a new obligation on Hotflame that is not imposed by the CBA. Hotflame argues that the arbitration award requires Hotflame to find automobile liability insurance that will cover Mr. Ihander. Local 328 replies that the arbitration award does not impose any such obligation, because the award only requires that Mr. Ihander be reinstated, not that he be

8

given a driving position.  Hotflame replies that "reinstate" is ambiguous and that it only has driving positions.  There is nothing in the text of the arbitration award which suggests that "reinstate" requires Mr. Ihander to be reinstated in a driving position.  With respect to Hotflame's contention that it only has driving positions, the Arbitrator had before him testimony that Hotflame had sufficient work to support a maintenance position and that Hotflame previously had a full-time mechanic who was covered by the CBA.  (Admin. R. 47-48, 271-73.)  Therefore the reinstatement ordered by the Arbitrator does not impose an obligation on Hotflame to find automobile liability insurance that will cover Mr. Ihander.

As the Arbitrator was arguably construing the CBA, the *Michigan Family Resources* decision requires the Court to affirm the arbitration award.  The view of the "arguably construing" inquiry adopted in *Michigan Family Resources* permits "only the most egregious awards to be vacated."  *Mich. Family Res.*, 475 F.3d at 753.  That view, in addition to being dictated by Supreme Court precedent, "is a view that respects the parties' decision to hire their own judge to resolve their disputes, a view that respects the finality clause in most arbitration agreements, . . . and a view whose imperfections can be remedied by selecting better arbitrators."  *Id.* at 753-54.

## IV.

For the foregoing reasons, Hotflame's motion for summary judgment is denied.  Local 328's motion for summary judgment is granted in part as to the enforceability of the Arbitrator's decision and denied in part as to Mr. Ihander being entitled to back pay.

Arbitrator Levi T. Gardner's February 10, 2006, decision is affirmed.  Pursuant to the Arbitrator's decision, Plaintiff Hotflame Gas Company shall reinstate Ron Ihander without back pay.  A judgment will be entered consistent with this opinion.


Date:   ___April 4, 2007___          /s/ Robert Holmes Bell_____
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE